POWELL *et al*, Appellants, v. McAshan *et al.*, Respondents.*

1. By the general law, if a tenant make erections and improvements upon the leased land and so connect the same with buildings already erected that they can not be separated or removed without material injury to the landlord's property, such erections or structures will be deemed in law fixtures as against such tenant, and he can not remove the same.
2. An agreement on the part of the landlord, that the tenant may take off and carry away any and all buildings, sheds and other temporary houses and improvements he may erect, would not be construed to authorize the taking away of erections, the removal of which would cause material injury to the property of the landlord.
3. Such an agreement on the part of the landlord would be valid although oral; it would not be within the statute of frauds.

*Appeal from Buchanan Court of Common Pleas.*

This was an action to recover the value of a building and shed alleged to have been wrongfully detached and removed from a certain main building on a lot belonging to the plaintiffs. The facts as they appeared in evidence are substantially as follows : The lot belonged to the heirs of one Peter Powell. At a sale in partition among said heirs on the 30th of March, 1855, the said lot was sold and the plaintiffs became the purchasers. On the 10th of April the plaintiffs notified the defendants to quit the possession. The defendants did not surrender the premises until June. Before doing so they removed the building and shed spoken of in the petition. This building and shed were erected by one McGhee, who had leased the lot and main building of the heirs of Powell. It was agreed orally that McGhee should have the right to take off and carry away any and all buildings, sheds and other temporary houses and improvements which he might erect. McGhee sold out his improvements and erections to the defendants, and leased the premises to them. The testimony bearing upon the question whether the building and shed were structures of a temporary, or of a permanent character—whether their removal would or would not

* This cause was submitted at the July term, 1858.—[REP.

Powell v. McAshan.

materially injure the main building, was conflicting. The instructions given and refused are numerous.

*Gardenhire*, for appellants.

I. The improvements were fixtures. Defendants had no right to remove them. (2 Kent, 343; 20 Johns. 29; Gibbons on Fixtures, 38; 7 Taunt. 188; Phillipson v. Mullanphy, 1 Mo. 442.) Admitting that the buildings were temporary and not fixtures, defendants had no right to remove them after the expiration of their term. They admit that they were notified to quit the possession of said lot on the 10th day of April, and they made no objections to the form or sufficiency of the notice. They virtually acknowledged that their lease had expired. They had the right of removal, if at all, under the agreement with Hovey. That agreement did not give them this right. The court erred in refusing the instructions asked by plaintiffs, and in giving those asked by defendant.

*Loan*, for respondents.

I. The defendants not being parties to the suit for partition between Powell's heirs, are not bound by the judgment. If the contract made by Hovey as agent for Powell's heirs with McGhee is valid under the law, the plaintiffs are bound by it and the instructions No. 7, 8, 9, 10, 11 and 12 were properly refused as they contain only abstract principles of law not affecting this case, and the instructions given on the part of the defendants were proper. The contract is valid. (5 Johns. 5.) If the contract made by Hovey as agent as aforesaid with McGhee is not valid so far as it relates to improvements made by McGhee, yet the said McGhee or his assigns while in the lawful possession of said premises have the right to remove all improvements made by them that will not cause permanent injury to the freehold. (9 Mo. 360.)

NAPTON, Judge, delivered the opinion of the court.

The inclination of courts has been, of late years, to consider every erection upon land by a tenant, for manufactur-

ing or commercial purposes, which can be removed without injury to the owner of the land, as a personal chattel, belonging to the tenant and removable by him at any time previous to his surrender of the premises. The law was not in ancient times so liberal to the tenant, and many nice questions arose as to what degree or character of connection between the chattel and the land should make the one an inseparable part of the other. The question now is, not whether the building is secured to the ground by posts of wood or by mason-work of rock or brick; nor whether it is attached to the ground by either of these modes or merely set upon blocks or rollers, but the question is simply for what purpose it is erected, and whether its removal will leave the land in the same condition it was in when rented. If the building is erected for trade or manufacture, and can be removed without injury to other buildings already on the ground, the tenant may remove it, and the landlord has no ground for complaint.

The term "fixture" has been employed in so many different senses as to create some confusion. It has been sometimes used to designate such personal chattels as were so *fixed* to the land that their removal would prejudice the owner of the land, and would not therefore be permissible either to the tenant or vendor. Frequently, however, the same term is applied to such erections as may be removed by a tenant, but would still pass by a sale and could not be removed by the vendor. The present is a case of lan*dlord* and tenant, and the distinction is unimportant to its decision.

There was also an express contract in this case between the landlord and tenant, authorizing the latter to put up additional sheds and other temporary buildings for warehouses and to remove them when his term expired. It is true this contract was by parol, but it is not the less valid on that account. It was not a contract for the sale of lands, tenements or hereditaments, or any interest in or concerning them. (Frear v. Hardenburgh, 5 John. 273.)

There was no question in this case as to the right of re-

moval subsequent to the expiration of the tenancy. The buildings were removed before the premises were surrendered to the owners. Whether the premises were held longer than the contract of lease authorized, and what rights and remedies accrued by reason of such holding over, are matters nowise connected with the present suit, and the instructions asked upon this point were with propriety refused.

There was, however, one question of fact upon which instructions were asked, which was not submitted to the jury. If improvements or erections are so connected with the buildings already upon the leased premises that they can not be separated without material injury to the landlord's property, they ought not to be removed. This is so by the general law without reference to any contract, and a reasonable interpretation of the contract proved in this case would tend to the same inference. In such cases the property is not left in the same condition in which it is found. If a stranger so mixes up his property with mine that it can not be separated without destroying or materially injuring mine, upon well settled principles of law and justice he must lose his property. This question ought to have been left to the jury. The witnesses differed about it, and although we might readily determine it here satisfactorily to ourselves, the plaintiffs had a right to the opinion of the jury.

Judgment reversed and cause remanded ; Judge Richardson concurring.

SCOTT, Judge, dissenting. As the defendant had by contract the right to remove the improvements he made on the lot, he was authorized in removing the materials he placed on it. If any injury was done to the plaintiffs' structure, that injury must have been done in making the improvement, not in removing it. The parties interested acquiesced in the improvements as made, and did not complain that in removing the materials their house must necessarily be injured. They should have objected at the proper time. If the defendant in removing his materials, as by contract he had a right to do,

did an injury to the plaintiffs' property, he was entitled to damages for such injury.   The law in relation to fixtures has nothing to do with the case : it rests on contract entirely. As the defendant would only rent on condition that he should remove his materials, it is not to be supposed that he intended to give them away in making his improvements.   Judging from the character of the structure on the lot, no question can arise as to the length a tenant, with the right to remove the improvements made on the demised premises during the tenancy, would be permitted to go in removing the materials of an improvement made on a valuable building and which could not be taken away without great injury to the land-lord.   In such cases a presumption might arise that the im-provement was made for the convenience of the tenant with-out any intention of removing the materials of which it was composed.   But in such a case a party, I imagine, would not resort to an action of trover for the materials.   The very form of this action negatives the idea that there was any room for the application of any such principle in the suit now before the court.

I am in favor of affirming the judgment.