RUDOLPH BIRCHER, Appellant, *v.* THEOPHILUS PARKER, Respondent.

*Landlord and Tenant—Injunction—Damages—Fixtures.*—Where the landlord, before the expiration of the term, enjoins the tenant from removing the fixtures, the tenant will be allowed a reasonable time after the dissolution of the injunction within which to demand and remove the fixtures, although the term may have expired pending the injunction. The value of the fixtures is not to be assessed as damages upon dissolution of the injunction.

*Appeal from St. Louis Circuit Court.*

*Krum, Decker & Krum,* for appellant.

I. The general rule is, that whatever is once annexed to the freehold becomes part of it, and can be removed by him only who is entitled to the inheritance.

Modern innovations as between landlord and tenant have excepted improvements made by the tenant for purposes of trade or manufacture — Kelsey v. Durkee, 33 Barb. 410 ; Moore v. Wood, 12 Abb. Pr. 393 ; Penton v. Robart, 4 Esp. 33 ; Moore v. Smith, 24 Ills.; Empsen v. Soden et. als., 4 B. & Adol. 655 ; Powell v. McAshan, 28 Mo. 70 ; Ombury v. Jones, 19 N. Y. 234 ; Van Ness v. Packard, 2 Pet. 137 ; Pemberton v. King, 2 Duer, 376 ; Kirwan v. Latour, 1 Har. & J. 289 ; Schlemmer v. North, 32 Mo. 207.

It seems that even where the improvements have been made for purposes of trade, the intention of the tenant to use them only temporarily must appear before he can be allowed to carry them away. Anything conveying the idea of a permanent improvement is part of the freehold—Buckland v. Butterfield, 4 Moore, 440 ; Woodf. Land. & T. 468 ; Teaf v. Hewitt, 1 Ohio, 511 ; Goff v. O'Connor, 16 Ills. 423 ; Wall et al. v. Hinds, 4 Gray, 256, 270–1.

The declaration of law by the court below, therefore, is too sweeping, and is not in conformity with the current of authority—Schlemmer v. North, 32 Mo. 207 ; Ombury v. Jones, 19 N. Y. 234.

II. The court below erred in their assessment of damages.

The court treated the appellant's injunction like an unlawful conversion and assessed damages as in a case of trover.

It is not true that the respondent could not lawfully enter and take away his improvements after the dissolution of the injunction. His title to the chattels remains unimpaired; within a reasonable time after the dissolution of the injunction he could have taken away his improvements. The fact of his term having expired can make no difference. The landlord cannot take advantage of his own wrong. The tenant could obtain his chattels by an action in trover if the landlord refused him entrance upon the land—Holmes v. Trempe, 20 Johns. 29; Mason v. Fenn, 13 Ills. 529.

*Glover & Shepley*, for respondent.

I. The lessee had the right to remove the improvements during the lease without material injury to the freehold.— Powell v. McAshan, 28 Mo. 70; King v. Wilcomb, 7 Barb. 253; Dubois v. Kelly, 10 Barb. 496; Van Ness v. Packard, 2 Pet. 137; S. C. 8 Curtis, 53; Finney et als. v. City of St. Louis et al., 39 Mo. 177.

II. The tenant under the law had no right to remove after the expiration of the lease; this is well settled; — but the plaintiff by his injunction prevented the removal till the time of this right of removal had ceased. The plaintiff must be considered as having caused this result, and prevented the removal in time, and as having appropriated the property in these improvements. No sooner did the defendant procure judgment for his damages than the plaintiff appealed and stopped the collection of it. In the meantime the plaintiff kept possession of the property and drew rents from it, and holds it now. The landlord never offered to release the property.

WAGNER, Judge, delivered the opinion of the court.

The defendant held over after the time for which the premises were originally let, but the holding was with the consent of the landlord, and was therefore a tenancy from

year to year, upon the same terms and conditions as those contained in the lease; and whatever erections he made while in possession of the premises, for the more beneficial enjoyment of the same, he had a right to remove before the expiration of the term, provided they could be severed without material injury to the freehold. As between landlord and tenant, the rule in regard to the removal of fixtures is most liberally construed in favor of the latter. As the landlord pays nothing for the improvements put up by the tenant, policy and justice demand that the tenant should be allowed to remove the additions or improvements unless the removal would operate to the prejudice of the inheritance, by leaving it in a worse condition than when he took possession. The evidence discloses the fact that the buildings could have been detached and severed without any serious injury to the realty, and that the damage to the wall of the permanent house in consequence of the severance could have been repaired at a trifling or nominal expense. And the right of the tenant to remove fixtures has been decided in many cases of the highest authority, where the facts were not stronger in his favor than in this case—Van Ness v. Packard, 2 Pet. 137; Wall v. Hinds, 4 Gray, 256 ; Holmes v. Tremper, 20 Johns, 29 ; Ombury v. Jones, 19 N. Y. 234 ; King v. Wilcomb, 7 Barb. 263 ; Dubois v. Kelly, 10 Barb. 496 ; Kelsey v. Durkee, 33 Barb. 410.

The tenant here left the possession of the premises without removing the fixtures, but this cannot redound to the benefit of the landlord. Before the time expired to terminate the tenancy the landlord sued out an injunction, and the tenant was prevented by this interference from making the removal. Under such circumstances it would be wrong to allow the landlord to raise the objection, and thus derive a direct benefit from his own tortious act—Mason v. Fenn, 13 Ills. 529.

Immediately upon the dissolution of the injunction the court proceeded to assess the damages, and awarded judgment in favor of the defendant for what the erections would be worth when taken down ; that is, their value as old mate-

rials. The statute provides that upon a dissolution of an injunction, in whole or in part, damages shall be assessed; but those damages have never been considered any other than such as arise out of the injunction proceeding itself. Thus, destruction of the property by fire whilst the injunction is pending (as in Kennedy's adm'r v. Hammond), expenses of the litigation, or any other loss or injury which the party has suffered by reason of the injunction, may be taken into the estimate in making the assessment of damages.

But the injunction does not change the title to the property, nor make the party suing it out liable as for a conversion. When the injunction was dissolved, the tenant still had a reasonable time within which to remove the property; and if he was obstructed by the landlord, a right of action would then accrue for the value of the materials. But in the first instance the landlord had the clear and undeniable right, after the determination of the character of the property, to elect to give up, instead of paying the money for it.

The court committed error in the assessment of damages, and its judgment is reversed and the cause remanded. The other judges concur.

Motion for rehearing overruled.