HENRY C. KUHLMANN ET AL., Respondents, *v.* ANTON MEIER, Appellant.

### May 27, 1879.

1. Erections made by the tenant, under a stipulation that he may remove them at the expiration of the term of his lease, do not become the property of the landlord because they are affixed to the soil, but they may be removed

by the tenant within a reasonable time, provided this can be done without substantial injury to the freehold.

2. The failure to remove the improvements within a reasonable time is evi￭dence tending to show an abandonment to the land-owner.

3. What is a reasonable time for the removal is to be determined from all the facts and circumstances of the case.

4. An instruction, though abstractly a correct declaration of law, is improperly given where there is no evidence to warrant it.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

DAVIS & SMITH, for appellant : "The stable having been erected upon posts set in the ground, and firmly spiked with iron spikes, by the tenant, was a fixture."—*Beckwith* v. *Boyce*, 9 Mo. 556. If the improvements are fixtures, they must be removed before the expiration of the lease, whether by lapse of time, surrender or forfeiture, or otherwise, or they revert to the landlord.—Taylor's L. & T., sect. 533 ; 1 Washb. on Real Prop. 6 ; *Phillipson* v. *Mullanphy*, 1 Mo. 620 ; *Powell* v. *McAshan*, 28 Mo. 70.

H. S. & T. W. LIPSCOMB, for respondents : The tenant having built under a stipulation allowing him to remove the erection, and having transferred the right, his assignee could remove the improvements within a reasonable time, it not appearing that such removal would injure the freehold. — *Russell* v. *Richards*, 10 Me. 429 ; *Osgood* v. *Howard*, 6 Me. 452 ; *Dame* v. *Dame*, 38 N. H. 429–433 ; *Hilbert* v. *Brown et al.*, 12 Me. 162 ; *Tapley* v. *Smith*, 18 Me. 12 ; *Barnes* v. *Barnes*, 6 Vt. 388 ; *Kilsey* v. *Duke*, 33 Barb. 310 ; *Bircher* v. *Parker*, 40 Mo. 118, and authorities cited ; *Goodman* v. *Railroad Co.*, 45 Mo. 33.

LEWIS, P. J., delivered the opinion of the court.

On March 6, 1876, the defendant leased to Hermann Lampe, for a term of five years, a lot containing about thirty acres, at an annual rent of $600, payable quarterly. It was stipulated in the lease that a failure to pay the rent when due should, if the lessor so determined, produce an

absolute forfeiture and expiration of the term, and that the lessee should have the right to remove, at the expiration of the lease, all the improvements by him made or erected on the place, and "to use said place for the purpose of a milk dairy, as well as for any other purpose of good husbandry." In February, 1877, the lessee being in arrear for rent, the lessor declared the lease forfeited, and obtained a judgment against the lessee for the amount due and for possession of the premises. Lampe had in the meantime erected on the place a cow-stable and a fence for the uses of his business as a dairyman. He relinquished the possession in February, 1877, without then attempting to remove the buildings. On July 13, following, he assigned his claim and title in the buildings to the plaintiffs, who three days afterwards asked permission of the defendant to remove the property. The defendant at first consented, but later in the same day refused the permission. The plaintiffs then undertook to remove the erections, when the defendant caused them to be arrested; whereupon they desisted from further efforts in that way, and instituted this suit for a wrongful conversion. The defendant, after putting in issue the material allegations of the petition, set up a counter-claim for trespass committed by the plaintiffs in attempting to remove the buildings. The jury found for the plaintiffs on the leading issues, assessing their damages at $200, and allowed to the defendant $50 on his counter-claim. The defendant appealed.

The defendant seems to rely on the common law to sustain his theory that because the stable was spiked upon cedar posts, which were set from one to two feet deep in the ground, therefore it was a fixture, and consequently became the property of the land-owner upon the expiration of the lease. His proposition ignores the legitimate operation of the contract allowing the lessee to remove his improvements at the expiration of the term. It is not true, even as a common-law rule, that the exclusive test of the right of

removal lies in the question whether the structure is sunk in or attached to the ground, or is merely set upon blocks or rollers, so as to be easily removed. As between landlord and tenant, the general right of removal before the expiration of the term depends rather upon the question for what purpose the building was erected by the tenant, and whether its removal will leave the land in the same condition it was in when rented. *Powell* v. *McAshan*, 28 Mo. 72. The privilege always attaches to buildings erected by the tenant for the purposes of his trade or business, unless the removal will cause a substantial injury to the freehold, leaving it in a worse condition than that in which the tenant found it. If the structures be left by the lessee when he surrenders the premises, in the absence of any agreement to the contrary, they become the property of the land-owner. But all these conditions are subject to be modified by agreement between the parties. When so modified, the question becomes one of interpretation of the contract, rather than of the rules which result under the general law from the relation of landlord and tenant. *Dame* v. *Dame*, 38 N. H. 430.

It has long been settled that where one builds upon the land of another with the owner's consent, the building does not become incorporated with the realty, but remains the personal chattel of the builder. *Dame* v. *Dame, supra.* If the land-owner afterwards withdraw his consent, the builder may within a reasonable time enter upon the land and peaceably remove the building, doing no unnecessary damage to the owner, without being a trespasser. It is upon the same principle that erections by a tenant under a stipulated right to remove them at the end of the term, are uniformly treated as his personal property. They are put upon the land with the consent of the owner, and with the clear understanding that they do not thereby become his property. *Dryden* v. *Kellogg*, 2 Mo. App. 87; *Hines* v. *Ament*, 43 Mo. 300; *Bircher* v. *Parker*, 43 Mo. 443;

Taylor's L. & T., sect. 554; 1 Washb. on Real Prop., sect.
4; *Osgood* v. *Howard*, 6 Me. 452.   When the lease expires,
it is but reasonable to suppose that the owner's consent
continues at least for a reasonable time, unless he with-
draws it and demands the removal of the buildings.   If,
after such demand, the owner of the buildings fail to
remove them within a reasonable time, he will be presumed
to have abandoned them to the owner of the land.

The court instructed the jury that inasmuch as the defend-
ant had never directed or required Lampe to remove the
buildings, the fact that they remained on the land for five
months after the expiration of the lease could not operate
to change the title, nor was it any evidence that Lampe
had abandoned the property.   This was error.   The court
should have given in lieu of this, as prayed by the defendant,
an instruction to the effect that Lampe or his assignees
should have claimed the improvements within a reasonable
time after the expiration of the lease, and that the question
of what was a reasonable time should be determined from
all the facts and circumstances of the case.   If the claim
was not made within a reasonable time, that fact might be
considered by the jury as evidence tending to prove an
abandonment of the property to the owner of the land.

The court refused to instruct, for the defendant, that if
the stable and fence could not be removed without great
injury to the land and to the other stable thereon, then such
stable and fence were fixtures, and the plaintiffs were not
entitled to recover.   Leaving out the unnecessary expression
about fixtures, this instruction, as an abstract proposition
of law, might be correct.   But the bill of exceptions shows
no testimony to which it could be applied.   The mere fact
that the posts were let into the soil is of no weight.   The
building might possibly have been removed from the posts,
or the posts might perhaps have been withdrawn from the
soil, without leaving the premises in any worse condition.
than that in which the tenant had received them.   In

*Powell* v. *McAshan*, 28 Mo. 70, it was held to be essential to the right of removal, under similar circumstances, that it could be effected without material injury to the landlord's property. There was in that case conflicting testimony as to the effect of the removal of a shed which was attached to the main building.

All the judges concurring, the judgment is reversed and the cause remanded.