## JOHN NOBLE v. MERRICK SYLVESTER.

*Personalty. Realty. Evidence. Lapse of Time. Statute of Limitations. Charge to Jury.*

A stone, split out and slightly removed and laid up for the purpose and with the intention by the owner of the farm upon which it was quarried and left, of using it in the construction of a tomb elsewhere, would not pass by a deed of the farm. It would be governed by the same principles that are applicable to timber, fence rails, and the like, that are severed from the freehold; if intended for use on the farm they pass by the deed in a sale of it; if to be used elsewhere they do not pass.

As there was nothing about the stone or its position to indicate the use to which it was to be put, this was a proper subject of explanation between the seller and purchaser at the time the deed was executed, and such explanation, though accompanied by a formal parol exception of the stone, which was unnecessary, might well be by parol. It was not error to admit proof of the parol exception.

It was not error, of which the defendant has a right to complain, for the court to submit the question to the jury, whether there was a parol exception or not.

It was not error in the court, under proper instructions to the jury, to allow the plaintiff, the seller, to show his own sayings in respect to his ownership of the stone made subsequent to the deed, not for the purpose of showing what took place between him and the purchaser at the time the deed was made, but for the purpose of showing he had not abandoned the property; inasmuch as this was one ground of defense.

Where the property of one man is left upon the premises of another with the knowledge and assent of the owner of such premises, so long as such owner suffers it to remain without objection, or request to remove it, and exercising no act of ownership over it and making no claim to it, just so long the title to the property remains the same, and is not divested from the one and vested in the other by mere lapse of time.

The stone in question having remained on the premises over thirty years, the lapse of time was an element proper to be considered by the jury in determining the question submitted to them, but it was not error in the court to omit to give special instructions in respect to this fact, there having been no request to that effect.

TROVER for a stone. Pleas, the general issue and two special pleas. Replication joining the issue tendered and traversing the special pleas. Trial by jury, May term, 1868, BARRETT, J., presiding.

The defendant averred in his special pleas that, prior to the 12th day of April, 1833, the plaintiff owned a piece of land in Bethel upon which was a rock and from this rock the plaintiff had loosened the stone in question and moved it a very little; that on said 12th of April, the plaintiff sold and conveyed to one Daniel Wallace said piece of land having said stone thereon as aforesaid, by a warranty deed having the usual covenants of warranty, and made no reservation or exception of said stone in said deed or in the sale of said land; that said Wallace thereupon went into possession of said land and has so remained ever since, and said stone remained as the plaintiff left it for over thirty-two years and until September, 1866, when said Wallace sold it to the defendant, who moved it off, and on to his own premises, and during all this time the plaintiff made no claim to it, but said Wallace always claimed it as his.

The plaintiff's evidence tended to show that he split out said stone with others about thirty-five years ago for the purpose of building a tomb with them; that they were black lime stone and in layers about seventeen feet long and five feet wide, and from three to four inches thick; that he tried to take it off but could not with the team he had, but raised it up and propped it a little from the ground; that the plaintiff told Wallace what he got it out for, and what he intended to do with it, and reserved it in the sale of the land to him; that the defendant bought it of Wallace and drew it off and knew at the time, and previously, that the plaintiff claimed it; that the plaintiff never gave up his intention of building a tomb; that the plaintiff had at different times along said to certain persons that he reserved the stone in his sale of the land to Wallace; that plaintiff saw defendant and his men when they went to get it, and forbade their drawing it off; and tending to show its value.

The defendant's evidence tended to sustain the averments in his special pleas. The defendant claimed that the stone could be

reserved or excepted only in the deed; but the court held otherwise and allowed the plaintiff to give evidence of a parol reservation of it, to which the defendant excepted. The defendant objected to the plaintiff's proving his own sayings as to the stone after the date of the deed; but the court allowed him to prove them to show that he had not abandoned his claim, to which the defendant excepted.

The defendant insisted that upon the evidence the plaintiff was not entitled to recover; but the court declined so to hold, and *pro forma* left the case to the jury to find whether the plaintiff did with the stone as his evidence tended to show, and whether there was a parol-exception of the stone at the time of the conveyance of the land, understood between the parties to the deed and consented to by Wallace; instructing them that if they should so find, the plaintiff would be entitled to recover; and left it to them to find the facts upon the evidence without commenting thereon or giving them any charge on any other point, (except as to the rule of damages), to which the defendant excepted.

*Hunton & Gilman*, for the defendant, cited upon the point that the plaintiff had no right to give evidence of a parol exception of the stone, *Rice* v. *Ferris*, 2 Vt., 62; *Ripley* v. *Paige*, 12 Vt., 353; *Brackett* v. *Goddard*, 54 Me.; L. Reg., May 1868, p. 442, N. S., Vol. 7, No. 7; and that the plaintiff's claim is barred by lapse of time, *Dare* v. *Heathcote*, 36 E. L. & Eq., 564; *Tracy* v. *Atherton*, 36 Vt., 503; *Perrin* v. *Garfield*, 37 Vt., 304; 2 Green. Ev. § 539, and note.

*James J. Wilson*, for the plaintiff.

The slab was personal property and remained the property of the plaintiff without any exception in the deed or elsewhere. *Rice* v. *Ferris*, 2 Vt., 62; *Glover* v. *Chase*, 27 Vt., 533; *Ripley* v. *Paige*, 12 Vt., 353; *Yale* v. *Seely*, 15 Vt., 221. When Wallace accepted the bailment Noble had a reasonable time to remove the stone, and reasonable time does not begin to run till some one interested in the matter calls for something to

be done about it. Cameron v. Wells, 30 Vt., 633; Graham v. Van Diemans Land Co., 30 E. L. & Eq., 573; Jones v. Gibbons, 20 E. L. & Eq., 559.

The opinion of the court was delivered by

PIERPOINT, C. J. It appears from the case that the stone in controversy was split out and removed from its original connection and position in the ledge, and laid up preparatory to its removal from the farm on which it was originally situated. This was done by the plaintiff, who was then the owner of the farm, and the object of splitting it out and putting it in such position was to remove it from the farm and use it in the construction of a tomb. This being the case, the stone may be regarded as being governed by the same principles that are applicable to timber, fence rails, and the like, that have been removed from the freehold in fact, but remain upon the premises for the purpose of being used there in the construction of fences, etc., and if on the land at the time the premises are conveyed they will pass by the deed, but if they are there not for the purpose of being used upon the premises, but to be removed elsewhere, then they do not pass by the deed. So of this stone, it having been severed from the freehold, for the purpose of removing it from the premises, to be used for a specific purpose elsewhere, we think it would not necessarily pass by the deed; but as there was nothing about the stone, or the position in which it was placed, to indicate the use to which it was to be put, whether for fencing or underpinning, or the like, upon the premises, or for use elsewhere, it was a proper subject of explanation between the plaintiff and Wallace, at the time the deed was executed, and such explanation might well be by parol; it was not an exception of that which would otherwise pass by the deed, but the giving to Wallace a knowledge of facts showing that it would not pass, and thus avoiding all misunderstanding or controversy about it in the future. The fact that such information was accompanied by an exception in form, does not vary the principle. We think there was no error in admitting the parol testimony. And in submitting the question to the jury whether there was a parol exception or not, if there was error, it is not an error of which the

defendant has any right to complain, as it was putting the case, in this respect, in quite as favorable a light as he could legally claim.

We think it was not error in the court to allow the plaintiff to show his own sayings in respect to his ownership of the stone made after the deed to Wallace, not for the purpose of proving what took place between him and Wallace at the time the deed was made, but for the purpose of showing that he had not abandoned the property, inasmuch as the defendant in his pleadings and proof sets up the fact that the plaintiff had permitted the stone to remain where it was when the deed was executed up to the time the defendant took it away, as one ground of defence, and we are to assume that the court, in admitting the testimony for that special purpose, took care that the jury should understand that they were not to use, or regard, it for any other.

But it is insisted that even if the plaintiff did retain the property in this stone, so that the title did not pass to Wallace, still he has lost his right to it by suffering it to remain on the premises of Wallace, down to the time it was sold to the defendant, and he took it away.

The jury have found that the stone was excepted in the sale and remained the property of the plaintiff; that it was left upon the premises with the knowledge and assent of Wallace, and remained there over thirty years before the defendant purchased it of Wallace. The case shows that Wallace never interfered with the stone in any manner, never made any claim to it, never objected to its remaining there, or ever requested the plaintiff to remove it, but suffered it to remain there just as it was left when the deed was executed. The defendant now claims that the title to this stone became vested in Wallace by lapse of time, and we are called upon by his counsel to say, if thirty years under such circumstances is not sufficient to change the title, what time is sufficient? We do not feel called upon to give a definite answer to that question; but we feel safe in saying when the property of one man is left upon the premises of another, with the knowledge and assent of the owner of such premises, that so long as such owner suffers such property to remain upon his premises, without objection or request to remove it, exercising no act of ownership over

it and making no claim to it, just so long the title to the property remains the same, and is not divested from the one and vested in the other by mere lapse of time.

Wallace never was the owner of this stone, and if the plaintiff had abandoned it, it would not necessarily revert to Wallace, but the case does not show an abandonment, and it does not appear to have been put upon that ground at the trial below.

The lapse of time was an element proper to be considered by the jury in determining the question submitted to them, and it is claimed that the county court erred in not giving the jury special instructions in respect to it. It does not appear that there was any controversy upon the trial as to the propriety of their considering it, and there was no request, from either side, that the court should give any specific charge upon it. The evidence upon this point, as upon all others, was submitted to the jury; it was doubtless commented upon by the counsel on both sides in their arguments, and we have no reason to suppose it was not duly considered and weighed by the jury. Under the circumstances it was no more error to omit to refer to this particular piece of testimony than it was not to refer to any or every piece of testimony, put in on either side, and it has never been regarded the legal duty of the court to refer specifically to each and every piece of testimony in the case, in the charge, especially when there is no such request. We find no error in the trial below.

The judgment of the county court is affirmed.