[No. 4717.]

JOHN ATKISON v. DIXON *et al., Plaintiffs in Error;* R. A. ATKISON, *Intervenor, Plaintiff in Error.*

1. **Lease:** BUILDINGS ERECTED BY LESSEE, NOT REMOVED AT END OF TERM: NOT FORFEITED WHEN. Where the terms of a lease permit the erection of houses on the leased premises by the lessee, with the privilege of removing them, they become personal property, and the mere fact that they are suffered to remain on the premises after the expiration of the lease, and pending litigation between the parties for possession of the premises, will not work a forfeiture of the owner's right in them.

2. ——— : ——— : ——— : RENTS. The lessor's right to the possession of the leased premises being established by such litigation, he will only be entitled to such per cent. of the whole rent collected after the expiration of the lease and pending the litigation as equals the ground rent, and the owner of the buildings will be entitled to the residue.

*Error to Cass Circuit Court.*—HON. NOAH M. GIVAN, Judge.

AFFIRMED.

*E. J. Smith* for R. A. and John Atkison, plaintiffs in error.

*R. O. Boggess,* *T. J. Smith* and *Railey & Burney* for Louis and Elizabeth Dixon, plaintiffs in error.

NORTON, C. J.—This case is here on writ of error from the judgment of the circuit court of Cass county directing the receiver, previously appointed, to collect the rents of the premises in dispute, to pay over a certain proportion thereof to the Dixons, the defendants.

It appears from the record that in 1882, J. C. Clark was appointed receiver by said court to collect the rents for the premises in dispute, and hold the same subject to the order of the court. It further appears that the lot in question had theretofore been leased by said Dixons, under the terms of which the lessees had a right to erect buildings on the same, with the privilege of removing the same ; that this lease expired in 1882. It further appears that houses were erected on said lot, and were still on it when said receiver was appointed, and that they remained on it till they were destroyed by fire in 1885 ; that the evidence tended to show that R. A. Atkison was the owner of said houses, which, in the light of the admissions made, for the purposes of this case, are to be considered and treated as personal property. It also appears that, at the same term of said circuit court at

which a trial was had on the issues raised by the intervening petition of R. A. Atkison in case 4207 ( which, on his appeal, was decided at this term, *ante*, p. 577 ), the Dixons filed a motion asking the court to order and direct the said receiver to pay over to them the whole amount of the rents accruing from the premises, collected by him.

In determining this motion the court ascertained from the receiver's report and settlement, that he held in his hands as rents collected the sum of twenty-five hundred and forty-six dollars, and, after hearing evidence as to ground rental value, directed by its judgment that said receiver pay forty per cent. of the above sum, amounting to $1,018.40 to defendant Elizabeth Dixon, and sixty per cent. thereof, amounting to $1,527.60, to R. A. Atkison.   It is this judgment we are asked to reverse, the Dixons claiming that they are entitled to the whole sum in the hands of the receiver, and R. A. Atkison making the same claim.   This claim of the Dixons is founded on the fact that the houses were permitted to remain on the premises after the expiration of the lease, and that made by Atkison is founded on his contention that he was entitled to the possession of the lot as well as the houses.

The mere fact that the houses were suffered to remain on the lot after the expiration of the lease, during the litigation between Atkison and the Dixons as to which of them was entitled to the possession of the lot, ought not and did not work a forfeiture of his right in them.

And as to the claim made by Atkison that he was entitled to the possession of the lot, as well as the houses, that question was ruled against him on his intervening petition, which ruling has been affirmed in the opinion in case 4207, decided at this term, *ante*, p. 577.

There is abundant evidence in the record to show that the ground rental value of the lot did not exceed

forty per cent. of the amount of the rent collected by the receiver both for the ground and houses; and that sixty per cent. of that amount was a fair proportion of the rental value of the houses. It is not shown that any part of the two hundred and twenty-seven dollars collected by Henry ever went into the hands of the receiver. The court, under the evidence, made an equitable and proper distribution of the fund in the hands of the receiver, under which each party is to get his own and no more, and the judgment is therefore affirmed. All concur except RAY, J., absent.