EMMA HUMPHREYS v. MINNESOTA CLAY COMPANY.[1]

May 5, 1905.

No. 14,374—(45).

**Conversion of Capital Stock—Pleading and Proof of Value.**

Action for conversion of certain shares of capital stock by the defendant. *Held*:

1. The complaint states a cause of action, although it fails to allege the value of the stock in addition to the damages sustained by plaintiff.

2. The value of an article is ordinarily to be proved by its market value; but, where it has none, what it sold for in a bona fide transaction is relevant to prove its value.

3. The findings of fact by the trial court are sustained by the evidence.

4. The court committed no reversible error in the admission of certain letters in evidence.

Appeal by defendant from a judgment of the district court for Anoka county, entered pursuant to the findings and order of Giddings, J. Affirmed.

*O'Brien & Albrecht,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

START, C. J.

Action for the conversion by the defendant of twenty nine shares of its capital stock of which the plaintiff was the alleged owner. The cause was tried by the court without a jury, and findings of fact made in favor of the plaintiff to the effect that the defendant converted the stock, whereby the plaintiff sustained damages in the sum of

[1] Reported in 103 N. W. 338.

$1,901.36, the value of the stock, for which amount judgment was directed for the plaintiff. It was so entered, and the defendant appealed from the judgment.

1. The first contention of the defendant is that the complaint does not state a cause of action. It alleges, in effect, that the plaintiff subscribed for seventy five shares of the capital stock of the defendant corporation, of the par value of $100 for each share, and that for value received such shares were issued and delivered to her by the corporation, and that she was the owner thereof; that thereafter the defendant, without any right or authority, and without her knowledge or consent, passed a resolution by its board of directors declaring a cancellation of the stock and the certificates thereof; that thereafter, and on September 29, 1903, the plaintiff, without any knowledge of such action by the defendant, entered into a contract with a Mr. Baker, for the purchase from him of a certain tract of land, who agreed to receive in full payment thereof twenty nine of her shares of the capital stock of the defendant at a valuation of $2,000 and a conveyance from her of certain land owned by her; that, if such contract for the purchase of the land of Baker had been executed, she would have received for her twenty nine shares of stock a consideration of the actual value of $2,000; that the defendant notified Baker that the stock was illegally issued to the plaintiff, and had been cancelled by it, and refused, although duly requested, to transfer the stock on its books to the proposed purchaser thereof, who thereupon and by reason of the defendant's wrongful acts refused to carry out his contract with the plaintiff; and, further, that by such wrongful acts of the defendant the plaintiff had been damaged in the sum of $2,000.

It is urged that the complaint fails to state a cause of action, because there is no direct allegation of the value of the stock or of the respective tracts of land. The objection is without merit, for in an action of conversion of personal property it is not necessary to allege in the complaint the value of the property converted, if it contains an allegation of damages. In such a case the value of the property is evidence of the damages sustained and need not be pleaded. Brunswick-Collender Co. v. Brackett, 37 Minn. 58, 33 N. W. 214.

The complaint contains a proper allegation of general damages. It also alleges facts tending to show special damages in the loss of

a sale of her stock by the alleged wrongful acts of the defendant. On the trial evidence was given by the plaintiff tending to establish such special damages. The defendant objected to such evidence as incompetent, irrelevant, and immaterial; but there was no objection that the evidence was not admissible under the pleadings, hence the sufficiency of the allegations of the complaint as to such special damages cannot be raised for the first time on appeal. We hold that the complaint states facts sufficient to constitute a cause of action.

2. The next group of assignments of error to be considered raises the question of the sufficiency of the evidence to sustain the findings of the trial court. It is claimed by the defendant that the finding that the stock in question was issued to the plaintiff for a valuable consideration is not justified by the evidence, but, on the contrary, the evidence clearly shows that no consideration whatever was paid for the stock, and that it was mere bonus stock, which the defendant had a right to cancel. The evidence relevant to the question of the consideration for the stock is not entirely satisfactory, but we are of the opinion that it is sufficient to sustain the finding.

The trial court also found that the stock in question was of the value of $1,901.36, and that the plaintiff had sustained damages to that amount by the wrongful acts of the defendant. The defendant urges that this finding is unsupported by the evidence. It appears from the evidence that the stock had no market value; hence evidence of what it sold for in a bona fide transaction was relevant to prove its value. Harrow v. St. Paul & Duluth R. Co., 43 Minn. 71, 44 N. W. 881. The evidence tends to show that the plaintiff made a bona fide contract for the transfer of the stock, whereby she would have realized for the stock a sum equal to its value, as found by the trial court, if the execution of the contract had not been prevented by the acts of the defendant. The evidence was sufficient to support the findings as to the value of the stock and the amount of plaintiff's damages.

It is further claimed that there was no evidence to support the finding that the defendant converted the stock. The record does not sustain the claim, for it discloses evidence tending to support the allegations of the complaint as to the cancellation of the stock by defendant and its refusal to transfer it. Any act of dominion wrongfully

exercised over another's personal property in denial of his right constitutes a conversion of it. Cumbey v. Ueland, 72 Minn. 453, 75 N. W. 727. The refusal of the defendant to transfer the stock on its books and its assertion of the right to cancel the stock was a conversion of it. Nicollet Nat. Bank v. City Bank, 38 Minn. 85, 35 N. W. 577; Allen v. American B. & L. Assn., 49 Minn. 544, 52 N. W. 144.

3. The last group of alleged errors relates to the admission in evidence of certain letters between the plaintiff, by her agent, and a Mr. Nelson, who, as claimed by the plaintiff, was the party through whom the plaintiff and Baker communicated with each other with reference to the contract between them. A part of this correspondence was received in evidence without objection, but a large portion of it was received over the defendant's objection that it was incompetent and immaterial. The reason here urged why the letters were not properly received in evidence is that no authority was shown from Baker to Nelson to receive and answer letters on his behalf. Conceding that the objections in the district court were sufficient, and that it was error to receive the letters, yet it was not reversible error, for the competent evidence in the case is sufficient to sustain the court's findings of fact. Mankato Mills Co. v. Willard, supra, page 160.

Judgment affirmed.