CLAYTON v. PHILLIPP.

(Court of Civil Appeals of Texas. Ft. Worth. May 17, 1913.)

1. FIXTURES (§ 4*)—INTENT IN MAKING ANNEXATION.

Although the general rule is that a house attached to realty is a part thereof, if it is understood when the house is erected that it might be severed therefrom, it remains personalty.

[Ed. Note.—For other cases, see Fixtures, Cent. Dig. §§ 3, 6; Dec. Dig. § 4.*]

2. FIXTURES (§ 9*) — FORM — CONVERSION — HOUSE ATTACHED TO REALTY—AGREEMENT.

Where the owner of a lot on which a house was located, during several years of ownership, recognized the house as belonging to another, and paid rent for it, it constituted the house

personal property, and susceptible of separation and removal from the realty at the will of the parties.

[Ed. Note.—For other cases, see Fixtures, Dec. Dig. § 9.*]

3. VENDOR AND PURCHASER (§ 228*)—PROPERTY CONVEYED—FIXTURES.

Where a purchaser of a lot has full knowledge at the time of the purchase that a house located thereon belongs to a third person, and is not intended to be conveyed by the deed, he acquires no greater rights or interest in the house than his grantor possessed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 495–501; Dec. Dig. § 228.*]

4. EVIDENCE (§ 424*)—PAROL EVIDENCE—ADMISSIBILITY—CONTRADICTING DEED.

In an action against a purchaser of realty for the conversion of a house located thereon, evidence that at the time of the purchase the purchaser was notified that the house was not a part of the realty, and was not intended to be conveyed with the deed, was not inadmissible as contradicting the legal effect of the deed; the owner of the house being a stranger to the deed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1966–1968; Dec. Dig. § 424.*]

5. TROVER AND CONVERSION (§ 47*)—FIXTURES—DAMAGES—VALUE OF PROPERTY.

In an action against the owner of realty for the conversion of a house located thereon, the true measure of damages was the market value, if any, or, in the absence of any market value, the actual value of the house itself, uninfluenced by the value of its location.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. §§ 265, 268, 272; Dec. Dig. § 47.*]

Appeal from Taylor County Court; T. A. Bledsoe, Judge.

Action by Earnest Phillipp against George Clayton. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Cunningham & Oliver, of Abilene, for appellant. J. W. Moffett, for appellee.

CONNER; C. J. Appellee recovered a judgment for the sum of $25 as rent of a certain house located upon a lot owned by appellant, and for the further sum of $100 for the final conversion of said house.

[1-3] Numerous assignments of error have been presented, but the greater number in one form or another present the single question of whether the house for the conversion of which appellee sued was personal property, or part of the realty upon which it was located. It is undisputed that appellant is the owner of the lot; he having purchased the same from C. H. Mathis early in the year of 1911. It is further undisputed that Mathis, during a continuance of ownership for several years, recognized the house as belonging to appellee. Phillipp, paying appellee rent for the use of the same, and that at and before appellant's purchase, he was fully notified that appellee was the owner of the house, and that the conveyance of the house was not intended by the execution of the deed to him. While it is the general rule that a house attached to realty, as the

one in question was, constitutes part of such realty, yet such rule is not without exception. It is equally well settled in such case that if, at the time of the erection of the house, it was understood and agreed that it might be severed therefrom and removed, its character of personal property remains as distinct as that of the material out of which it was erected. The long-continued recognition of the ownership of the house involved in this controversy by Mathis, certainly as between Mathis and appellee, constituted the house personal property, and susceptible of separation and removal from the realty at the will or upon agreement of the parties, and if necessary to this conclusion, it will be presumed that at the time of the original location of the house upon the lot, it was not intended that it should become a fixture, but that, on the contrary, it was to retain the character of personal property. Appellant Clayton having, as stated, full notice of appellee's ownership and of the character of the house, can have no greater right than his vendor. The county court, therefore, was not without jurisdiction over the subject-matter of the controversy, and all other assignments involving the question stated are accordingly overruled.

[4] It seems clear that the testimony of witnesses, to the effect that during appellant's negotiations for the purchase of the lot upon which appellee's house was located he was informed that appellee was the owner of the house, is not subject to the objection that it was inadmissible because it contradicted the legal effect of appellant's deed. Appellee was not a party to that deed, and he was not in any way bound thereby.

[5] The objection, however, that the verdict and judgment is excessive on the issue of the house's value we think is well taken. It is perfectly apparent from the testimony that, aside from its fixed location on Pine street, the house was not worth to exceed $50; this being the highest estimate. The value of the house is not to be enhanced by a consideration of a right for its continuance where located; for appellee had no such right. Appellee's true measure of damage was the market value, if any, or the actual value in the absence of a market value, of the house at the time and place and in the condition it was when converted, excluding altogether any right on appellee's part for a continuance of such location against the lot owner's consent. The error noted, however, will not require a reversal in event of appellee's willingness to remit the excess suggested. It will, accordingly, be ordered that the judgment be reversed, and the cause remanded, unless appellee within 20 days shall file a remittitur of $50, in which event it will be affirmed for the remainder; no other error having been developed by a consideration of the record.