**TEXAS & N. O. R. CO. et al. v. CLEVEN-GER. (No. 577.)**

(Court of Civil Appeals of Texas. Beaumont. April 6, 1920.)

**1. Railroads ⊚⟿5½, New, vol. 6A Key-No. Series—Company not liable for acts of servants of Director General.**

A railroad company whose road was in charge of the Director General of Railroads was not responsible, after the promulgation of General Orders 50 and 50a, for the acts of the Director General's servants in destroying a house constructed on the right of way by a lessee whose lease had terminated.

**2. Fixtures ⊚⟿35(2½)—Measure·of damages for destruction of house erected by lessee stated.**

Where a lease of part of the railroad right of way provided that on termination of the lease the lessee should be allowed reasonable time to remove improvements, the measure of damages for the destruction of a house without allowing the lessee a reasonable time for its removal was not the difference between the value of the lumber in the house and its value after the house was torn down, but the value of the house at the time it was destroyed, less the reasonable cost of removing it, and also less the value of the lumber and material saved.

---

⊚⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Fixtures ⊕⇒33—Lessee held to forfeit house by failing to remove it within reasonable time.**

Where a lease of a portion of a railroad right of way provided that on termination of the lease the lessee should be allowed a reasonable time in which to remove improvements, he forfeited his right to remove the house, and it became a part of the realty if it was not removed within a reasonable time, and he had no claim for damages because the lessor subsequently tore down the house.

**4. Fixtures ⊕⇒34 — Lessor liable if lessee's house was destroyed before reasonable time for removal.**

Under a lease of a portion of a railroad right of way providing that on termination the lessee should have a reasonable time for removal of improvements, if a house belonging to the lessee was torn down before a reasonable time elapsed, the lessor was liable to the lessee for all damages suffered by him.

Appeal from District Court, Nacogdoches County; L. D. Guim, Judge.

Action by J. P. Clevenger against Texas & New Orleans Railroad Company and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Arthur A. Seale, of Nacogdoches, and McMeans, Garrison & Pollard, of Houston, for appellants.

S. M. Adams, of Nacogdoches, for appellee.

WALKER, J. This suit was filed by J. P. Clevenger against Texas & New Orleans Railroad Company and Walker D. Hines, as Director General of Railroads, judgment being rendered in his behalf against both defendants for the sum of $250. Omitting the formal allegations, plaintiff's petition in this cause is as follows:

"(2) And, further, plaintiff says that on the 28th day of July, 1919, the plaintiff was the owner and in possession of the foregoing [following] described personal property, to wit: [Here follows description of house.]

"(3) And, further, the plaintiff says, to wit, that on the 28th day of July, 1919, the defendants entered upon the premises where the house was situated, and there, without authority or permission from the plaintiff, tore down the said house, and without the knowledge of the plaintiff took possession of the same, to the plaintiff's damages, as aforesaid; that by the wrongful acts of the employés of the defendants the plaintiff has suffered damages in the sum of $750."

The Texas & New Orleans Railroad Company answered by pleading that this cause of action accrued after its lines were taken over by the federal government, and after the promulgation of General Orders Nos. 50 and 50a by the Director General, and by reason of these facts it denied that it was in any way liable to plaintiff.

Walker D. Hines, Director General, answered: That by contract dated the 1st day of January, 1906, the Texas & New Orleans Railroad Company leased to J. P. Clevenger a portion of its right of way at Clevenger, in Nacogdoches county, Tex., to be held by him on the following conditions:

"This lease shall continue in force so long as the lessee shall operate his sawmill at its present location; the lumber manufactured by said mill to be transported over the lines of the lessor; if, however, the said strip of land be required for railroad purposes, the lessor may terminate the lease by giving due notice to the lessee, allowing him a reasonable time in which to remove his improvements from said land and rearrange them conveniently."

That under this lease, Clevenger built the house described in his petition, and further pleading:

"And in this connection this defendant shows to the court that several years ago, the exact date of which is not known to this defendant, but is known to the plaintiff, the plaintiff's sawmill at its then location was burned, and plaintiff thereupon ceased to operate his sawmill at its then location, and that by reason thereof said lease expired; that thereafter seasonable demand was made upon the plaintiff to remove from the leased land said house or houses, which plaintiff failed to do, and thereafter, after allowing him reasonable time in which to remove his improvements from said land, and rearrange them conveniently, said house or houses were torn down, and the leased premises relieved of them as structures upon said leased premises; and in this connection defendant says further that, after the termination of the said lease as aforesaid, said plaintiff had no right to permit said houses to remain upon said leased premises, but was in duty bound to remove them at his own expense upon the termination of the lease, and upon proper demand being made upon him to do so, notwithstanding which the said houses were torn down at no cost or expense to this plaintiff, all of which has been a positive benefit to him, in view of the duty on his part to tear them down at his own expense."

Briefly stated, the facts are that on or about January 1, 1906, the lease as pleaded by the defendants was duly executed by the Texas & New Orleans Railroad Company and J. P. Clevenger; that he built the house described in his petition under the terms of this lease contract; that some six or seven years before the institution of this suit his sawmill was burned at Clevenger, and was not rebuilt by him; that he continued using the house from the time he built it until it was torn down by the agents, servants, and employés of the Director General; that some two or three weeks before the house was torn down, the exact time not being shown by the record, Clevenger was duly notified that his lease had expired, and requested to remove the house from the right of way. He answered this request by saying, "when the section foreman told me to move it, I told him

I was busy in my crop, and I told him I would move it as soon as I got to it; that I would move it when I got time." After plaintiff refused to move the house within such time as the servants of the Director General thought reasonable, they tore the house down, after taking plaintiff's personal property out of the house, and stacked the lumber on cross-ties, leaving it for plaintiff's use. Plaintiff testified that he owned land adjoining the right of way, that it was his purpose to remove the house from the right of way onto his own land, some 25 or 30 feet, and that it would have cost him $25 or $30 to move it, and that the house would have had a value of $750 or $1,000 after being placed on his own land.

[1] Appellants' first assignment of error is that the court erred in refusing to instruct a verdict in favor of the Texas & New Orleans Railroad Company. This assignment is sustained. As this cause of action accrued after the Director General took charge of the lines of the defendant, and after the promulgation of General Orders 50 and 50a, the railroad company was in no way responsible for the acts of the servants of the Director General. Western Union Tel. Co. v. K. L. Wallace, recently decided by the Court of Civil Appeals for the First Supreme Judicial District, 220 S. W. ——,[1] but not yet reported; Haubert v. B. & O. Railroad Co. (D. C.) 259 Fed. 361; Hatcher & Snyder v. A., T. & S. F. R. R. Co. (D. C.) 258 Fed. 952; Mardis v. Hines (D. C.) 258 Fed. 945.

[2] This was not a suit for a conversion of the house, nor was plaintiff's proper measure of damages the difference between the value of the lumber in the house and the value of the lumber after the house was torn down, as urged by appellants. The terms of the written lease allowed plaintiff a reasonable time in which to remove his improvements from the right of way, thus providing by contract what the law would have implied.

Omitting formal parts, the court's charge is as follows:

"What amount of money, if paid now, if any, would compensate the plaintiff for the damages, if any, that he has received by the defendant tearing down and removing the house? You will answer this by stating the amount, if any you find.

" * * * You are charged that in passing on this issue that the railroad company had a right to cause the plaintiff to move his house off of their property. You are further charged that you may take into consideration the value of the lumber and material now on hand that said house was constructed of, and reduce the value of the lumber and material from the damages to the plaintiff, if he is entitled to any. And you are to take into consideration the age and condition of the lumber and material; also take into consideration what it would have cost the plaintiff to move said house from the railroad company's land and place the same on his, the plaintiff's, land. * * *"

[3, 4] By the terms of the contract, plaintiff had a reasonable time, after notice of the termination of his lease, in which to remove the house. Had he failed to comply with this request within a reasonable time, he would have forfeited his right to remove the house from the right of way. "In the absence of a special stipulation to the contrary, fixtures placed upon the demised premises by the tenant are personal property, subject, however, to become parts of the realty, if not removed by him during the time allowed him by law for their removal." Wright v. Macdonnell, 88 Tex. 140, 30 S. W. 907. On the facts of this record, it became a pertinent inquiry as to whether the plaintiff had been allowed a reasonable time in which to remove his house from the leased premises, when the servants of the Director General of Railroads entered thereon and tore it down. If a reasonable time had elapsed, then this defendant was in no way liable to plaintiff, because the house would become a part of the realty. If a reasonable time had not elapsed, then this defendant had no right to tear the house down, and in doing so it became liable to plaintiff for all damages suffered by him. If the house was in condition to be moved onto plaintiff's land, it was his legal right to have a reasonable time in which to move it, and defendant became liable to plaintiff for the value of the house, and not for the value of the lumber. As we construe the rule announced in Wright v. Macdonnell, supra, plaintiff's measure of damages in this case, if he has any cause of action, is the value of the house at the time it was destroyed, less the reasonable cost of moving it to plaintiff's land, less the value of the lumber and material saved from the house.

The measure of damages submitted by the court is questioned by proper assignments raised by appellant, and for the errors thus assigned this case is reversed and remanded for a new trial. We would add, further, that the testimony as reflected by the statement of facts does not warrant us in presuming that the trial court found as a fact that a reasonable time had not elapsed after the request and notice to plaintiff to remove his house, and without such finding this judgment cannot be sustained.

Reversed and remanded.

[1] Rehearing pending.