**READER v. CHRISTIAN et al. (No. 705.)**

(Court of Civil Appeals of Texas. Beaumont. July 13, 1921. Rehearing Denied Oct. 12, 1921.)

**1. Fixtures ⟐27(1)—General rules yield to agreement of parties.**

The general rules of law pertaining to fixtures yield to the provisions of the contract made by the parties.

**2. Fixtures ⟐4—Elements considered in determining intention of parties stated.**

The intention of the parties as to whether personalty attached to land constitutes a fixture is determined from the language of the contract, the circumstances under which the contract was made, and the purpose for which it was made.

**3. Landlord and tenant ⟐157(5) — Lessee's failure to remove improvements within required time under lease reserving title in lessee did not divest lessee of title.**

Provision in a lease that the improvements "shall be and remain the exclusive property of the lessee, provided however the same, unless sold or otherwise disposed of, shall be removed by the lessee within 90 days after the premises are vacated," was not a provision for forfeiture on failure to remove, but a covenant to remove, so that failure to remove within the time limited merely precluded lessee from entering to remove without being liable for damages.

**4. Landlord and tenant ⟐157(4) — Improvements made by lessee under agreement that they are to remain his property regarded as personalty.**

Improvements placed on land by lessee under agreement that they are to remain lessee's property are to be regarded as personalty.

**5. Landlord and tenant ⟐157(5)—Equity will relieve against condition subsequent to vesting of title to the improvements in lessee requiring removal within stipulated time where delay is not willful.**

Where lease reserved in lessee title to improvements placed by him on the land contained, conditioned on removal within stipulated time after termination of lease, equity will relieve against the condition, where delay in removal of improvements was not willful, the general rule of equity being that time is not of the essence of the contract.

**6. Landlord and tenant ⟐157(5)—Forfeitures not favored.**

Forfeitures are not favored by the law, and, if the language of the contract is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed.

**7. Injunction ⟐118(1) — Pleadings held to raise issue as to estoppel of landowner to claim forfeiture of improvements for failure to remove improvements from land within time specified in lease.**

In action by the plaintiffs who claimed ownership of improvements of land under lessee, who had reserved title thereto, to enjoin defendant owner of land from destroying, removing, or appropriating improvements, allegations that defendant's repeated negotiations with plaintiffs for purchase of improvements caused plaintiffs to materially delay removal of improvements, and that plaintiffs, but for such conduct, would have removed improvements within specified time, *held* to raise issue of estoppel of defendant to claim improvements by forfeiture, for plaintiffs' failure to remove them within required time.

**8. Appeal and error ⟐742(1) — Proposition not followed by statement not considered.**

Proposition under assignment of error not followed by any statement cannot be considered.

**9. Appeal and error ⟐742(1)—Assignment of error not followed by proposition or statement cannot be considered.**

Assignment of error not followed by any proposition or statement, but merely containing the words "See statements and authorities hereinbefore," cannot be considered.

Walker, J., dissenting.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by Ben H. Christian and others against Jabe C. Reader. Judgment for plaintiffs, and defendant appeals. Affirmed.

John M. Cobb and Homer Stephenson, both of Houston, for appellant.

Baker, Botts, Parker & Garwood, of Houston, for appellees.

O'QUINN, J. This is a suit by appellees against appellant for the title and possession of a water tower tank, and in the alternative for its value. Tried before a jury on special issues, which the jury answered in appellees' favor, upon which judgment was rendered, and from which appellant appeals.

The record discloses that the Chamber of Commerce of the city of Houston, on July 20, 1917, leased 270 acres of land in Harris county, Tex., from Max A. and Bertha E. Roy and then subleased same to the United States government, which, in part, composed the site upon which Camp Logan was established. The purpose for which Camp Logan was established and the use to be made of the lands leased were fully understood by all the parties. Among other things, the government erected on said lands a certain water tower tank, the subject-matter of this suit. Said lease was dated July 20, 1917, and among other provisions, contained the following:

"(3) That the said lessor shall keep the premises in good repair to the satisfaction of the government officer in charge, but all build-

ings and other improvements fixed to or erected or placed in or upon the said premises by the lessee shall be and remain the exclusive property of the lessee, provided, however, the same, unless sold or otherwise disposed of, shall be removed by the lessee within ninety (90) days after the said premises are vacated under this lease."

"(11) That the lessee shall have free and unrestricted access to and use of the water found upon the premises for the use of persons, animals and appliances, with the privilege of erecting upon the land such buildings as may be required for all military purposes, and of installing water lines and means of drainage and sewage disposal."

"(8) That the lessee reserves the right to quit, relinquish and give up the said premises at any time within the period for which this lease is made or may be renewed by giving to the said lessors or agent thirty days' notice in writing. * * *"

Accordingly on May 10, 1919, the government served notice in writing on the Chamber of Commerce of the city of Houston that 30 days after receipt of the notice, the United States would quit, relinquish, and give up the said premises, and that said lease would then be terminated and canceled. This notice was received by the said Chamber of Commerce on May 12, 1919. Said notice of relinquishment contained the following:

"It is hereby agreed that the government shall have the right to remove any improvements six months after the expiration of the ninety days allowed by the lease has expired, and that the government shall have the use of water and sewer mains for such period of time as may be necessary to remove said improvements."

On the next day, May 13, 1919, the Chamber of Commerce of the city of Houston duly served said notice upon Max A. and Bertha E. Roy. However, the notice in the record from said Chamber of Commerce to said Max A. and Bertha E. Roy did not contain the statement as to the 6 months' time allowed after the 90-day period had expired.

On May 21, 1919, the government sold a portion of the property it had situated at Camp Logan to George T. Broun, among which was the water tower tank in question, stipulating delivery to him not later than September 15, 1919, and in the contract of sale agreed to continue its leases or rights of possession of said camp site for a period of not exceeding 5 months from the date purchaser was given possession for removal. Broun sold certain of the property so bought to G. D. Samuels and T. J. Marett on June 6, 1919, among which was the tank in question. Samuels and Marett then sold same to the Gulf Salvage Company on June 17, 1919. The Gulf Salvage Company then sold same to Christian Bros. Lumber Company, composed of Ben H. Christian and J. R. Christian, Jr., these appellees, who, on about November 10, 1919, while engaged in the removal of said water tank were stopped by appellant, who asserted he had bought 4.26 acres of land from the said Max A. and Bertha E. Roy, on which 4.26 acres the said tank was situated, and claimed said tank by reason of its not having been removed within the 90-day period from and after 30 days from the surrender of said lease and vacation of said premises by the government, and who, by writ of injunction, restrained appellees from further attempting to remove same. Appellees then instituted this suit, and also, by writ of injunction, restrained appellant from destroying, removing, or appropriating said tank.

The case was submitted to the jury on the following special issues:

"Special Issue No. 1: Did the defendant, prior to September 13, 1919, knowingly and intentionally lead the plaintiffs to believe that they could leave the standing tower on the Roy tract without forfeiture of title to same by reason of his relations, if any, with the property?" To which the jury answered, "Yes."

"Special Issue No. 2: Did the defendant, by his acts and conduct subsequent to October 15, 1919, knowingly and intentionally lead the plaintiffs to believe that they could leave the tower on the Roy tract without forfeiture of title to same, by reason of his relations, if any, with the property?" To which the jury answered, "Yes."

"Special Issue No. 3: Did the owner of the property on which the tower was located acquiesce in a six months' extension for the removal of the improvements recited in the government's notice of cancellation of the lease?" To which the jury answered, "Yes."

Appellees, in the court below, by specially requested charge, asked for an instructed verdict in their favor, which was refused by the court, to which refusal they excepted, filed proper cross-assignment of error, and have duly brought up and urged same in their brief, which, with the proposition thereunder, is as follows:

"First Cross-Assignment of Error: The court should have given a peremptory instruction in this case in favor of the plaintiffs."

"Proposition: Where by the terms of a lease the lessee is expressly authorized to place improvements upon the property and it is stipulated that the title to the improvements belongs in the lessee, and that the improvements may be removed, and there is no stipulation that a failure to remove them within a certain time shall constitute a forfeiture of the lessee's title therein, the court has no basis to declare forfeiture of the title and should grant a peremptory instruction for lessee."

Appellant contends that, being the owner of the land on which the tank was erected, and the lease under which it was erected having expired and terminated, and that the time in which to exercise the right of removal contracted for having expired, the tank has become his by forfeiture. Appellees insist that—

As "the lease contract specially provided for the privilege of erecting upon the land such buildings as may be required for all military purposes, this clause, under all the authorities, amounted to an express license to construct improvements, and therefore not only prevented any vesting of title thereto in the lessor of same, but removed the improvements beyond the class of trade fixtures, which are themselves removable within a reasonable time, to the class of personal property belonging to the tenant, and removable by him at any time, the landlord having the right to recover such damages, if any, as may be suffered by the entry to remove same after expiration of the time stipulated in the lease contract."

[1, 2] Thus, we are confronted at the outset with the direct question of whether the title to the property erected upon the land under the terms of the contract above set out was subject to forfeiture after the 90-day period for removal had elapsed. It is well settled that the general rules of law pertaining to fixtures must yield to the provisions of the contract made by the parties (Ewell on Fixtures, 149); and in case of a special agreement the rights of the parties are to be determined by the intention as evidenced by the terms of their contract; and in applying the rules of construction in construing those terms, in arriving at their intention, the language employed in the instrument, the circumstances under which the contract was made, and the purpose for which it was made, are all to be taken into consideration. Wright v. Macdonnell, 88 Tex. 146, 30 S. W. 907; 11 R. C. L. 1070; Wall v. Hinds, 4 Gray (Mass.) 256, 64 Am. Dec. 64.

The corect interpretation of the following clause in the lease, we think, will determine the controversy, to wit:

"That the said lessor shall keep the premises in good repair to the satisfaction of the government officer in charge, but all buildings and other improvements fixed to or erected or placed in or upon the said premises by the lessee shall be and remain the exclusive property of the lessee, provided, however, the same, unless sold or otherwise disposed of, shall be removed by the lessee within ninety days after the said premises are vacated under this lease."

[3] What do the words, "but all buildings and other improvements fixed to or erected or placed in or upon said premises by the lessee shall be and remain the exclusive property of lessee," mean? To our minds they can have but one meaning, and that is that the title to such buildings and improvements should not be divested out of the lessee except by sale or other disposal. Otherwise, how could the title be and remain in lessee? Does the expression, "Provided, however, the same, unless sold or otherwise disposed of, shall be removed by the lessee within ninety days after the said premises are vacated under this lease," have the effect to cancel the express reservation of title in lessee if said property was not removed within 90 days after the premises are vacated, and to vest same in lessor by way of forfeiture? This is the contention of appellant. We cannot agree to such interpretation of the contract. Its very language plainly negatives the idea of forfeiture. How could the title be and remain in lessee and at the same time, upon some subsequent happening, be forfeited to and vest in lessor?

[4] The rule is well settled that, when a lessee places improvements on the land of the lessor, with an agreement that they are to remain the property of lessee, they are to be regarded as personalty. In that event, we think:

"If articles removable by agreement are to be regarded as personalty, in accordance with the view usually expressed, it would seem to follow that the rule applying to the removal of fixtures, that in the absence of agreement they must be removed within the term, or at least before the tenant relinquishes possession, can have no application, and that the tenant has the same time for removal as if the articles were in no way physically annexed to the land; that, in other words, the tenant, though guilty of a trespass on the land if he undertakes to remove the fixtures after he relinquishes possession, retains the title to them, as does any other person whose personal property is on another's land, until he loses the right to recover them by the running of the limitation period." Tiffany's Landlord & Tenant, vol. 2, p. 1603.

We think the above rule sound law and abundantly supported by authority. 19 Cyc. 1067; 11 R. C. L. 1083; Wright v. Macdonnell, 88 Tex. 140, 30 S. W. 907; Broaddus v. Smith, 121 Ala. 335, 26 South. 34, 77 Am. St. Rep. 61; Atkinson v. Dixon, 96 Mo. 588, 10 S. W. 162; B. Z. & C. Co. v. Hale, 136 Ark. 10, 206 S. W. 661; Lancaster v. Roth, 155 S. W. 597; Dame v. Dame, 38 N. H. 429, 75 Am. Dec. 195; Holmes v. Tremper, 20 Johns. (N. Y.) 29, 11 Am. Dec. 238; Johnson v. Truitt, 122 Ga. 327, 50 S. E. 135; Straw v. Straw, 70 Vt. 240, 39 Atl. 1095; Osgood v. Howard, 6 Greene (Me.) 452, 20 Am. Dec. 322; Peaks v. Hutchinson, 96 Me. 530, 53 Atl. 38, 59 L. R. A. 279; Ry. & Iron Co. v. McCann, 86 Mich. 106, 48 N. W. 692; 13 A. & E. Ency. Law (2d Ed.) 656.

Where the title is reserved expressly in lessee, and time for its removal stipulated, the failure to remove within the time stipu-

lated, in the absence of any provisions for forfeiture, does not forfeit the property or divest the title out of lessee, but subjects him to pay whatever damages may be suffered by the lessor by reason of delay in removal. In such cases the provision for removal in a given time gives the lessee the right to remove his property free from any liability for and during that time, but if he fails to remove same, his failure does not lose the title to the property, but would subject him only to pay whatever damages may result from its removal later.

We do not believe, in the instant case, where the title to the property in question was expressly reserved to be and remain exclusively in the lessee, that the right of forfeiture exists, notwithstanding the provision in the contract for removal within 90 days after the premises are vacated. We think the 90-day clause should be construed as a covenant on the part of the lessee that the tank would be removed from the premises within the time specified, the breach of which would not forfeit the title to the property. It would have been an easy matter for the lease to have provided that the title to the tank should revert to the lessor if not removed within 90 days, if that had been the intention of the parties, but, to the contrary, on the face of the instrument, it is written that the title shall be and remain exclusively in lessee, and therefore we think, it is plain that said clause was intended as a covenant, and not a condition subsequent of forfeiture.

[5, 6] But if the clause quoted in the contract amounted to a condition subsequent, equity would relieve against it, the evidence showing that the delay was not willful, and the general rule of equity being that time is not of the essence of the contract. Creamery Dairy Co. v. Electric Park Co., 138 S. W. 1106; Pheasant v. Hanna, 63 W. Va. 613, 60 S. E. 618. Forfeitures are not favored by the law, and if the language used in the contract is fairly susceptible of an interpretation which will prevent a forfeiture, it will be so construed. Brown v. Palatine Fire Ins. Co., 89 Tex. 596, 35 S. W. 1060; Sparkman v. Davenport, 160 S. W. 410; Oil Co. v. Edgell, 48 W. Va. 348, 37 S. E. 596, 86 Am. St. Rep. 43.

As was said by Judge Greenwood, in Houston Oil Co. v. Boykin, 109 Tex. 276, 206 S. W. 815:

"It would seem useless to affirm that one has a title and then declare the title incapable of enforcement or protection in law or equity. * * * We are not at all inclined to adopt that construction of contracts which would give to parties nonenforceable titles."

The rule that applies to timber sales does not apply to cases of this character. There the sale is of property that is realty to be-

gin with, and only becomes personalty when severed from the soil. The timber, at the time of the sale, is already and long has been attached to the soil; hence it is a part of the realty, and the sale of timber standing gives the right, within the time named, to detach and take possession and remove same, the theory being that the sale passes no title save to so much of the timber as the vendee may remove within the time limit. Houston Oil Co. v. Boykin, 109 Tex. 276, 206 S. W. 815. This is not a case of selling to lessee an article attached to the soil to be removed within a given time, but is a case where the article is placed on the lessor's premises by the lessee under a special agreement that the title shall be and remain exclusively in the lessee, and providing that said article should be removed from the premises within a stipulated time.

It follows from what we have said that we are of the opinion that appellees' cross-assignment is well taken, and that the special charge should have been given. However, if we are wrong in this conclusion, then this case will have to be affirmed on the findings of the jury and judgment thereon.

Appellant's first assignment of error asserts that the court erred in refusing to peremptorily instruct a verdict for defendant, for the reasons: (1) That the plaintiff failed to make out a case against the defendant; and (2) the evidence did not raise the issue of either estoppel, waiver of rights by defendant or his grantors, or acquiescence in extension of time for removal of the property under the contract. The first and second propositions under said assignment relate to failure of the plaintiff to prove the market value of the property in question, and the court's granting judgment for same. The judgment was for the title and possession of the property, and in the alternative for its value if not delivered. The propositions are hardly germane to the assignment, but, if so, we think the pleadings and proof sufficient to sustain the judgment. Humphreys v. Minnesota Clay Co., 94 Minn. 469, 103 N. W. 338; Clayton v. Phillipp, 159 S. W. 117; Early-Foster Co. v. Mid-Tex. Oil Mill, 208 S. W. 224; Mashburn v. Dannenberg, 117 Ga. 567, 44 S. E. 97; Gregg v. Bank of Columbia, 72 S. C. 458, 52 S. E. 195, 110 Am. St. Rep. 633; Posey v. Gamble, 41 South. 416[1]; Bircher v. Parker, 40 Mo. 118.

[7] By the third proposition under the first assignment of error, appellant complains that plaintiffs' petition was insufficient to raise the issue of estoppel against appellant. We think the pleadings are ample. Appellees fully plead that appellant's repeated negotiations with them for the purchase of

---

[1] Reported in full in the Southern Reporter; reported as a memorandum decision without opinion in 148 Ala. 660.

the tank, and his apparently sincere wish and intent to buy same standing, caused them to materially delay in the removal of same, and but for which conduct on the part of appellant they would have removed said tank prior to the time when, deciding appellant had abandoned the idea of purchase, they began to remove the tank, and were then stopped by appellant, and that, by reason of the acts and representations of appellant, he was estopped from claiming the tank by forfeiture. We think the pleadings were full and the evidence ample to sustain the judgment thereon found by the jury.

[8] Appellant's fourth proposition under the first assignment of error is not followed by any statement, and hence cannot be considered. His fifth proposition under the first assignment of error asserts that—

"Where the appellees allege several causes contributing to their failure to remove personal property from leased premises within the time prescribed by the contract, the failure on their part to establish by a preponderance of the evidence either of such causes with certainty and accuracy would entitle the defendant to an instructed verdict."

This proposition cannot be sustained. The evidence was sufficient and supports the pleadings.

By his sixth proposition, appellant insists that—

"The right to transfer the title to property, where held absolutely by the owners, may not be affected by outstanding differences between third persons, and where the owners act in good faith in transferring property held, with perfect right of disposition, the title thereby passed will vest as completely in the purchaser as if no outstanding differences existed between the said purchaser and such third parties."

A sufficient answer to this is that appellant's vendors, Max A. and Bertha E. Roy, had no title to the tank. By their express contract with lessor, they left the title exclusively in lessees. Besides, in the sale of the 4.26 acres of land on which the tank was situated to appellant, they specifically refused to warrant the title to the tank, in these words:

"Except the improvements on said property, title to which is not warranted by us."

Again, appellant knew that the tank was the property of appellees. He repeatedly negotiated with them for the purchase of same, thereby recognizing their ownership of same, and the jury found that he "knowingly and intentionally led plaintiffs" to believe that they could leave the tower tank on the land without forfeiture. There is no merit in the contention. The assignment is overruled.

Appellant's second assignment complains of the court's submitting special issue No. 1 to the jury. What we have said as to the first assignment of error disposes of this assignment.

[9] Appellant's third assignment complains that the court erred in submitting special issue No. 2 to the jury. This assignment is not followed by any proposition or statement, merely saying: "See statements and authorities hereinbefore." It cannot be considered. Bute v. Williams, 162 S. W. 989–993.

The fourth assignment complains of the submission to the jury of special issue No. 3. This assignment is followed by a proposition, but no statement, the same being, "See statements hereinabove." This is not sufficient. Bute v. Williams, 162 S. W. 989–993.

The case was tried in the court below on the theory of estoppel. Appellant in his brief says:

"The issue of estoppel in the present state of the record is the sole and only issue to be considered."

The jury, in their verdict, found against appellant on said issues, on which findings the judgment for appellees was rendered. We think the record abundantly supports the verdict, and there appearing no error, the judgment is affirmed.

WALKER, J. I concur with my Brethren in overruling appellant's assignments of error, but I respectfully dissent from their construction of Wright v. Macdonnell, 88 Tex. 140, 30 S. W. 907. The proposition announced by them:

"Where the title is reserved expressly in lessee and time for its removal stipulated, the failure to remove within the time stipulated, in the absence of any provisions for forfeiture, does not forfeit the property or divest the title out of lessee, but subjects him to pay whatever damages may be suffered by the lessor by reason of delay in removal. In such cases the provision for removal in a given time gives the lessee the right to remove his property free from any liability for and during that time, but if he fails to remove same, his failure does not lose the title to the property, but would subject him only to pay whatever damages may result from its removal later"

—certainly has no support in that case. The contract discussed by Chief Justice Gaines in Wright v. Macdonnell reserved in lessee the title to the improvements placed on the leased premises under its terms. The Supreme Court expressly recognized that the title to such improvements was subject to forfeiture if not removed within the time allowed by law for their removal. Chief Justice Gaines said:

"How long the plaintiff could have left the property upon the land without forfeiting his right' to remove it, we need not determine."

If the Supreme Court had entertained the view of law now expressed by the majority of this court, as evidenced by the proposition which I have just quoted, doubtless they would have said that, inasmuch as the title to this property was reserved in the lessee, the failure to remove it within the time allowed by law did not work a forfeiture, because the contract did not contain a clause declaring forfeiture. They did not so declare the law, but said:

"In the absence of a special stipulation to the contrary, fixtures placed upon the demised premises by the tenant are personal property, subject, however, to become parts of the realty, if not removed by him during the time allowed him by law for their removal."

. On authority of the proposition just quoted, this court reversed and remanded T. & N. O. Ry. Co. v. Clevenger, 223 S. W. 1036, with instructions to the district court to retry it on the law as stated in that proposition. This disposition of that case met with the unanimous approval of the court as then constituted. As I understand the proposition now advanced, they are in direct conflict with our holding in the Clevenger Case. Possibly they would distinguish Wright v. Macdonnell and Railway Co. v. Clevenger on the ground that, while the contracts in those cases recognized that the improvements were personal property belonging to the lessees with right of removal, such title was not "reserved expressly." If so, I cannot agree with them in that distinction. The legal effect of the contract is the same, whether its conditions are "reserved expressly" or such conditions must necessarily follow from a construction of the language used. It is only using different language to express the same idea. So, as I construe the contracts in Wright v. Macdonnell and in Railway Co. v. Clevenger, the title to the improvements was "reserved expressly" in the lessees.

As I understand the law, improvements placed on these premises with the right of removal are subject to forfeiture if not removed within the time allowed by law. The law reads into contracts of this character a clause declaring a forfeiture. This provision of the law must be waived by the terms of the contract. This is the converse of the proposition advanced by my Brethren. It is their position that the right of forfeiture does not exist unless expressly reserved.

However, as I agree with them in an affirmance of the case on other grounds, I shall not further discuss this issue nor its application to the contract involved in this case. In view of the fact that they have given this proposition such prominence in their opinion, I thought it proper to make my own position clear; hence I enter this dissent.